# Cases

# FIRST DEPARTMENT,

AT

## GENERAL TERM,

### January, 1888.

---

## FRANK WALTON, Appellant, v. E. FRANK COE, Respondent.

*Liability of a stockholder in a corporation organized under chapter 611 of 1875 — a simple contract creditor may enforce the liability imposed by section 37 of the said act, before recovering a judgment against the company.*

This action was brought by the plaintiff, a simple contract creditor of the American Opera Company (Limited), a corporation created under chapter 611 of 1875, against the defendant, as a stockholder of the company, on the ground that its capital stock had never been paid in full, the complaint alleging that the amount of the debt due from the company "is now being adjusted and determined, in an action therefor brought by plaintiff against said corporation, in the Supreme Court in and for the county of New York.

Upon an appeal from a judgment sustaining a demurrer interposed to the complaint, upon the ground that it did not state facts constituting a cause of action:

*Held,* that the judgment should be reversed.

That the omission from section 25 of chapter 611 of 1875 of the words that an action cannot be commenced against a stockholder "until an execution against the company shall have been returned unsatisfied in whole or in part," which are contained in section 24 of chapter 40 of 1848, and the insertion in section 37 of said act of 1875 of the words "no execution shall issue against any stockholder individually until execution has been issued against the corporation and returned unsatisfied," showed that the legislature intended that the right of action against a stockholder should accrue as soon as an action against the corporation had been commenced, but that the right to collect the judgment should not become operative until the assets of the corporation had been exhausted by the issuance of an execution against the corporation and its return.

APPEAL from a judgment sustaining a demurrer to an amended complaint, on the ground that it did not state a cause of action.

The action was brought to recover of the defendant, an alleged stockholder in a company formed under the business corporation act of 1875 (chap. 611, Laws 1875), the amount of an alleged debt of the company, on the ground that its capital stock had never been paid in full.

The second paragraph of the complaint alleges that the debt claimed to be due to the plaintiff from the company and for which recovery was sought against this defendant, "is *now being* adjusted and determined in an action thereupon brought by plaintiff against said corporation, in the Supreme Court in and for the county of New York."

*William W. Badger*, for the appellant.

*Henry D Hotchkiss*, for the respondent.

VAN BRUNT, P. J.:

The plaintiff, a simple contract creditor seeks to hold the defendant as a stockholder of the American Opera Company liable for the amount of his debt. The objection is taken that the complaint does not show that the plaintiff has exhausted his remedy against the corporate assets. That this is the general rule needs no citation of authorities, and seems to be admitted by the appellant, but it is claimed that it has no application to the case at bar, because of the wording of the statute under which the alleged liability arises.

Attention is called to the fact that it is provided by the manufacturer's act of 1848 (chap. 40) that no action can be commenced against a stockholder by a creditor of the corporation until an execution against the company shall have been returned unsatisfied in whole or in part, and that these words cannot be found in the act of 1875.

It is urged in opposition to this claim that even when not expressly provided by statute it is the rule that, before corporate creditors can proceed against shareholders under their statutory liability, they must first exhaust their remedy against corporate assets, and that the provisions of section 25 and section 37 of the act of 1875, when taken together, clearly show that such was the legislative intention.

Section 25 of the act of 1875 reads as follows:

" No stockholder shall be personally liable for the payment of any debt contracted by any corporation formed under this act, which is not to be paid within two years from the time the debt is contracted, nor unless an action for the collection of such debt shall be brought against such corporation within two years after the debt shall become due." * * *

The language of this section is precisely the same as that in section 24 of the act (chap. 40) of 1848, with the exception of the times limited for the debt to become due and for the action to be commenced against the corporation, and the last clause of section 24 of the act of 1848 is omitted as above stated.

This omission would not perhaps be so significant were it not for a provision contained in section 37 of the act of 1875. In that section, after regulating the liability of stockholders, it is provided that "no execution shall issue against any stockholder, individually, until execution has been issued against the corporation and returned unsatisfied." If it had been the intention of the framers of the acts that no action could be commenced against a stockholder until an execution against the company shall have been returned unsatisfied, in whole or in part, why should that provision have been inserted. It was evidently contemplated that the right of action against a stockholder should accrue as soon as an action against the corporation had been commenced, but that the right to collect the judgment should not become operative until the assets of the corporation had been exhausted by the issuance of an execution against the corporation and its return.

It is true that this construction leads to anomalous results, as if the creditor should recover a judgment against the stockholders but should never recover a judgment against the company, he could never issue execution upon his judgment against the stockholder, but such judgment would nevertheless remain a cloud upon the stockholder's credit, and a lien on his real estate which could only be discharged by payment. It is undoubtedly true, also, that the legislature never contemplated or intended such a possibility, but what they did intend produces just this result which they did not foresee.

Results which produce hardship must necessarily make us hesitate in adopting the construction above indicated, but the omission from

section 25 of the act of 1875 of the words contained in section 24 of the act of 1848, above mentioned, and provision as to issuance of execution contained in section 37 of the act of 1875, indicate too clearly what the intention of the framers of the law was, for the courts by judicial legislation to nullify the plain provision of the statute. It would seem that the intention of the legislature in omitting the last clause of section 24 of the act of 1848 from section 25 of the act of 1875, was to prevent the limitations contained in the section from becoming operative whilst the action against the corporation was pending.

The right to commence an action against a person who shall have ceased to be a stockholder is limited in both sections to two years after he shall have so ceased to be a stockholder, and consequently, if by any chance, although the creditor may have commenced his action promptly against the corporation, he should be unsuccessful in obtaining judgment, after the expiration of two years his right of action against a stockholder might be lost. In attempting to remedy one evil the legislature may have subjected stockholders of corporations to far greater ones, but this fact cannot alter the plain intent of the legislature as manifested in the statute under examination.

The judgment should be reversed and defendant allowed to withdraw his demurrer and answer on payment of costs of Special Term and appeal.

DANIELS, J., concurred

BRADY, J.:

I think the plaintiff may bring the action but not issue execution, if judgment be obtained, until execution has been issued against the company. I am inclined to think the legislature intended to preserve the condition as to the necessity of the prior judgment, and that it is within the spirit if not within the letter of the statute of 1875, but I yield to the convictions of my brethren on that subject.

Judgment reversed, defendant allowed to withdraw demurrer and answer, on payment of costs of Special Term and appeal.